## SUPREME COURT.

### BURHANS agt. TIBBITS.

In an action for the entry upon and injuries to real property, the title was put in issue by the pleadings—and the jury found the title to the property in the defendant, but also found that the plaintiff was entitled to recover fifty cents for the conversion of certain personal property of the plaintiff, found on the premises—*Held*, that the plaintiff was *not entitled to costs* under § 304 of the Code. It was not a " *recovery* " by the plaintiff within the meaning of that section.

An order, made at special term, allowing such costs, is *appealable* to the general term as involving a part of the merits of the action.

*Albany General Term, September* 1852. *Present,* PARKER, WRIGHT and HARRIS, *Justices.* This was an appeal from an order of Mr. Justice WATSON, made at special term, awarding costs to plaintiff under § 304 of the Code.

The complaint alleged that the defendant entered the close of the plaintiff (describing it) and by himself and servants, &c., removed the soil &c., trod down and destroyed the grass &c., tore down, removed and converted the fences &c., dug up the orchard, garden, trees &c., dug up, disturbed and removed the soil of a public highway, and took and removed and converted to his own use the fences on the plaintiff's land, so that sheep and hogs from the highway entered upon the plaintiff's land and destroyed the grass and vegetables then and there growing. The answer admitted that the premises described in the complaint were the close of the plaintiff, except so much as was included within the bounds of the road of the Gilboa and Potters Hollow Turnpike Company. It then set up title to so much of the premises as were included within the bounds of the road as laid out and designated by law, and a justification of the entry thereon by the defendant as president of the aforesaid company, for the purpose of constructing the road. The reply took issue upon the new matter stated in the answer.

The cause was tried before Justice HARRIS, in June 1851; and on motion of the defendant it was ordered that the verdict of the

Burhans agt. Tibbits.

jury be entered as follows: " The jury find for the defendant on the question of title put in issue by the pleadings; and a verdict of fifty cents in favor of the plaintiff for the value of certain personal property of the plaintiff, found upon the premises by the defendant, and by him converted to his own use." At a special term held by Mr. Justice Watson in November 1851, the plaintiff on notice of motion previously given, after argument of both parties, obtained an order, that he recover full costs in the action and ten dollars costs of the motion, to be inserted in the entry of judgment. From this order the defendant appealed.

L. Tremain, *for Plaintiff.*

J. Mackay, *for Defendant.*

By the Court, Wright, Justice.—This action is to be regarded as having been originally commenced in this court. Though a suit was previously instituted before a justice of the peace, and discontinued by the defendant interposing an answer that title would come in question. Such proceedings were not subsequently taken by the plaintiff as to continue the cause in this court. In determining, therefore, the rights of the parties on the appeal, we are to regard the action as one originally commenced in the Supreme Court.

If the plaintiff is entitled to full costs, it is because the statute gives them to him; and his right is in no way strengthened by the order of a judge. If the statute gives costs, he is entitled to them, as of course; if not, no order can extend to him the right. There is no discretion to be exercised by the court. The court may construe the statute, but can do nothing more.

Prior to the Code, if the plaintiff recovered judgment for any amount in an action in which the title to lands or tenements, or to a right of way, or right by prescription or otherwise, to any easement in lands, or to overflow the same, or to do any other injury thereto, was put in issue by the pleadings, or came in question on the trial of the cause, he recovered the costs of the court in which the action was brought (2 *R. S.*, 3d ed., 703). Whether title came in question on the trial, was determinable by the certificate of the judge. The Code provides that " costs shall be allowed of course to the plaintiff, upon a *recovery* in an action

Burhans agt. Tibbits.

where a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial (*Code*, § 304). In this case, there was no certificate of the court, and if the plaintiff is to be allowed costs, it must be solely on the ground that on the pleadings in the action in which he has recovered, a claim of title to real property arose. To determine this, the pleadings are to be inspected, in connection with the verdict rendered. It is to be ascertained, 1st. Whether title has been put in issue by the pleadings; and 2d. Whether there has been a "*recovery*" by the plaintiff, within the meaning of the section.

The facts alleged in the complaint as constituting a cause of action, are substantially those under the late system of pleading required to be stated in an action of trespass to real property, charging the injuries to it specifically. The facts are alleged that the defendants entered the close of the plaintiff (describing the close or premises) and by himself, his servants &c., removed the soil &c., trod down and destroyed the grass, herbage &c., tore down, removed, used and converted the fences; dug up the orchard and garden, and the trees of the plaintiff; cut down, took and carried away the trees; dug up, disturbed and removed the soil of a public highway, and took and removed, and converted to his own use the fences on the plaintiff's land, lying on both sides of the highway, so that cattle, sheep and hogs, from the highway entered upon the plaintiff's land, and destroyed the grass and vegetables then and there growing. There is no count or cause of action separately stated for trespass, in taking and carrying away personal property, or in trover, for the conversion of personal property found on the premises. The answer admits that the premises described in the complaint are the close of the plaintiff, except so much as is included within the bounds of the road of the Gilboa and Potters Hollow Turnpike Company. It then sets up title to so much of the premises as are included within the bounds of the road, as laid out and designated by law, and a justification of the entry thereon by the defendant, as president of the company, for the purpose of constructing the road. The reply takes issue upon the new matter stated in the answer. There is, therefore, arising upon the pleadings, a claim of title,

Burhans agt. Tibbits.

not to the whole of the premises described in the complaint, but to that part embraced within the designated bounds of the turnpike road. To that extent title was put in issue by the pleadings.

On the question of title, the defendant succeeded. The jury found that title to that part of the close to which it was pleaded was not in the plaintiff, so as to enable him to maintain the action against the defendant. There was, consequently, I think, no recovery by him within the meaning of the first subdivision of the 304th section of the Code.

But it is urged that because the jury in finding the main issue for the defendant, also found a verdict of fifty cents in favor of the plaintiff for the value of certain personal property of the plaintiff, found on the premises by the defendant, and converted by him, such a *recovery* has been had by the plaintiff, as that under the section of the Code cited, he is to be allowed costs as of course. I am of a different opinion. Such a construction of the section would work a most palpable wrong. The action was for the entry upon and injury to real property, and it is for such cause, and in such an action, the recovery is to be had. To show title would be a complete defence. But can it be, where such defence is established, because the Code allows the joinder of a cause of action for the conversion of an article of personal property found on the premises, that the defendant, though succeeding so far as the claim of title is interposed, and upon that issue distinctly, is, notwithstanding, to pay full costs to the plaintiff, when the damages assessed for the conversion are under fifty dollars, and but merely nominal? Under the late practice, counts for trespass on lands and trover could not be joined, and no difficulty of this kind could have arisen. The first subdivision of § 304, under which the plaintiff claims to be allowed costs, is substantially a reenactment of subdivision two of § 3 of chap. 10, title 1, part 3d of the Revised Statutes. In the complaint in the present case, the only cause of action stated is the entry upon the lands of the plaintiff and the injuries thereto. The verdict of the jury is a singular one. They have undertaken to render a general verdict pronouncing upon the only issue in the case in favor of the defendant, and upon an issue, not made by the plead-

ings, in favor of the plaintiff. If this were allowable, or if it was effected by an amendment of the pleadings, or by conforming the pleading to the facts proved on the trial, still the question returns as to the true meaning of the section of the Code on which the plaintiff bases his claim. What did the legislature intend by it? In my judgment nothing more than to reenact an existing provision, to apply to cases to which it had heretofore been applied, and none others; to confine the allowance of course of costs to a recovery in actions solely in respect to real property, and whenever the title to such property came in question. That in such actions that could not be prosecuted in the court of a justice of the peace, and over which he had no jurisdiction, costs should be allowed, whatever the amount of the recovery might be; but that if a cause of action was or could be stated in the same complaint for the recovery of money only, in which no question of title to real property was involved, the recovery for such cause should be fifty dollars or more, to entitle the plaintiff to costs. That when the section speaks of a recovery in an action where a claim of title arises, it means that such claim of title shall arise on the entire pleadings, and that the recovery shall be in hostility to such claim. No such absurdity is intended, as to authorize a defendant to set up a complete defence, so far as the action relates to real property, and obtain the verdict of the jury in his favor, but because a recovery of fifty cents is had upon a question independent of any claim of title, that the plaintiff is to be regarded as succeeding upon the whole case so as to be allowed costs of course. We are also to construe the whole section together, and such a construction placed on the first subdivision would be in conflict with its spirit and in direct hostility to the letter and spirit of § 305 and of the 4th subdivision of § 304. I am of the opinion that the order should be reversed.

We think the order in this case was of such a nature that it was a subject of an appeal. It involved a part of the *merits* of the action. It was a matter of strict legal right as to the allowance of costs. The order did not relate to a matter of practice or procedure, or rest in the discretion of the court (8 *Barb. S. C. Rep.* 329). The court in the cases cited has construed the expression, " when it involves the merits of the action, or some

some part thereof," to mean that which relates to the strict legal rights of the parties as contradistinguished from mere questions of practice, which every court regulates for itself, and all matters which depend on the discretion or favor of the court.

Order reversed, with $10 costs