JACOB FALKEL, RESPONDENT, v. GEORGE MOORE AND WILLIAM MOORE, APPELLANTS.

*Action in a Justice's Court — plea of title — when it is rendered necessary by the form of the complaint — the party recovering upon this issue is entitled to the costs.*

A plea of title having been interposed in an action brought in a Justice's Court, this action was thereafter brought in the Supreme Court, and the issues therein were tried before a referee. The complaint alleged that the defendants "wrongfully broke, tore down and destroyed," a large quantity of fence erected and standing on land of which the plaintiff was in possession. The answer contained a general denial, and then admitted the plaintiff's possession and set up as a further defense that the fence was taken down by virtue of a right of way which the defendants had over the plaintiff's lands at the place in question; the defendants being bound to keep the gates or bars in the fences closed after passing through. The referee found that the defendants had the right of way; that on the occasion in question they found the road closed by a rail fence wired together; that they took down a length of fence, removed the rails to the side of the road, and there left them in a pile. He also found that they had unreasonably left the fence open and neglected to close it after they had passed through, and directed a judgment for the plaintiff for twelve cents damages.

*Held,* that as the plaintiff had by the form of his complaint rendered it necessary for the defendants to allege and prove their right to take down the fence, and as the defendants had succeeded upon this issue, they were entitled to the costs of the action.

APPEAL from an order of Wyoming Special Term, denying the defendants' motion for a retaxation of costs.

An action was commenced in a Justice's Court in which the defendants interposed a plea of title. This action was then commenced in the Supreme Court. Upon a reference of the issues, a judgment for twelve cents was directed in favor of the plaintiff.

Costs were taxed in favor of the plaintiff.

*M. E. & E. M. Bartlett*, for the appellants.

*Robert Snow*, for the respondent.

SMITH, P. J.:

The plaintiff complained that the defendants "wrongfully broke, tore down and destroyed" a large quantity of fence erected and standing on land, of which plaintiff was in possession.

The defendants pleaded, first, setting up a general denial, and, secondly, admitting the plaintiff's possession of the land and alleg-

ing that they had a right of way across said land, they to keep the gates or bars of the fences closed when they shall have passed through; that on the occasion mentioned in the complaint they did pass over said land, when they had said right of way, until they found their passage wrongfully obstructed by a fence, which they quietly removed, doing no unnecessary damage and removing no more than was necessary to admit of their passage.

The referee by whom the case was tried found the right of way in the defendants as alleged in the answer, and that at a certain point in said way on the land of which the plaintiff was in possession was a fence, the rails of one length of which were so laid up that they could be easily removed without injury to the remainder of the fence, and so as when removed to furnish a convenient passage way for teams and wagons. That on the occasion in question, the defendants were returning home in a carriage by said way, and on reaching said length of fence they found two wires had been stretched along lengthwise of said rails by the plaintiff, and some of the rails of said length were wired to the adjoining posts; the defendants thereupon got out of their carriage and opened and took down the length of fence and removed the rails to the north of said length of fence, and threw them in a pile on the ground and left them there. He found that they unnecessarily left said fence down and the rails in a pile, and did not close the fence. He also found that they acted "unreasonably and wrongfully in so opening and taking down said length of fence and removing the rails thereof, and leaving said fence open and down and said rails on the ground, and not closing the fence, nor keeping it closed when they had passed through," and he held that by reason of the premises the plaintiff had sustained damages to the amount of twelve cents.

Taking the whole report together it is apparent the finding that the conduct of the defendants was unreasonable and wrongful, was not intended to apply to the act of "opening and taking down said length of fence and removing the rails thereof," since the referee distinctly found that the defendant had the right so to do in the exercise of his right of way; the unreasonable and wrongful act was in leaving the fence open and the rails on the ground, it having been the duty of the defendants to close the fence on passing through.

The plaintiff recovered upon a cause of action not alleged in his

complaint. He declared for wrongfully breaking, tearing down and destroying his fence; he recovered against the defendant for simply leaving down a fence which he had a right to take down, and no breaking or destruction of the fence, or any part thereof, was found.

If the plaintiff had declared simply for the cause of action found by the referee, to wit, that the defendants in passing over the plaintiff's land wrongfully left down the fence in violation of the conditions on which their easement was granted to them, no plea of title would have been necessary or proper and the cause might have been tried before the justice. But the averment in the complaint that the defendants wrongfully tore down the fence compelled them to plead their right of way, for without that defense they would have been liable to a recovery for merely taking down the fence. It is immaterial that the complaint does not allege a wrongful entry; it alleges a trespass to real estate, making the plea of title necessary. The "recovery" spoken of in section 3235 of the present Code must be a recovery upon the issue of title. Upon the issue tendered by the plea of title the defendants have succeeded. The case seems to be within the rule laid down in *Learn* v. *Currier* (15 Hun, 185; S. C. affirmed, 76 N. Y., 625); see, also, *Burhans* v. *Tibbits* (7 How., 74); *Morss* v. *Salisbury* (35 How., 90; S. C. affirmed, 48 N. Y., 636).

If these views are correct the order appealed from should be reversed, a retaxation ordered, and the taxing officer directed to adjust costs in favor of the defendants.

HARDIN, J.:

Which party is entitled to costs, is the question involved in the appeal before us. Plaintiff in his complaint alleges that he is in possession of certain lands, in the town of Warsaw, being part of lot thirty-one, and describes them, and then avers, viz.: While plaintiff was in possession of said lands as aforesaid, defendants wrongfully broke, tore down and destroyed a large quantity of fence erected and standing upon said lands of the plaintiff, the same being for the use and enjoyment thereof, to plaintiff's damage fifty dollars." Defendants answered, viz.: (1.) By denying all the allegations of the complaint. (2.) By admitting "that the plaintiff

was in possession of the lands described in the complaint alleged."
(3.) They admit about the time alleged "they broke and tore down
a quantity of fence, then being and standing upon the premises of
said Falkel." (4.) They then allege that in November, 1874, one
Keeney was the owner of the premises described in the complaint,
and that he sold, and conveyed by deed, lands therein described, to
the defendant Moore with a grant in the following words, viz. : The
said party of the second part is hereby granted permission to cross
the lands of the party of the first part, along by John Brown's north
line, *and he shall keep* the gates or bars of the fences closed when
he shall have passed through," and that the premises described in
the complaint are the same of which the plaintiff is in possession
"subject, however, to the said right of way of the defendant George
Moore ;" that they become by deed entitled to pass over said prem-
ises, and that they did pass over the lands "until they found their
passage wrongfully obstructed by a fence which they quietly
removed, doing no unnecessary damage, and removing no more
than was necessary to admit of their egress from said lands."

The referee found as follows : The defendant George Moore
went with his horse and carriage from his house on said piece of
land east of said railroad, west down said lane on the north line of
John Brown's land into the highway, and the defendants George
Moore and William Moore, in the forenoon of the same day were
in said carriage returning to the house of said George Moore, and
on reaching said length of fence next to the said highway, and
joining said Brown's line fence on the north, found two wires which
had been stretched along lengthwise of said rails of the plaintiff,
and some of the rails of said length of fence were wired to posts
that stood at the end of said length of fence and found the rails of
said fence and said fence laid up as aforesaid. And the said defend-
ant got out of said carriage and opened and took down said length
of fence, and removed the rails thereof, north of the length of said
rails, and threw them in a pile on the ground, and left said fence open
and down, and said length of fence removed, and said rails in a pile as
aforesaid, and went with the said carriage of said Moore to his
house about forty rods from the place designated in said clause in
said deed from Keeney and wife to George Moore, over which said
Moore was granted permission to cross by said deed. That the said

defendants unnecessarily left said fence down, and said rails in a pile, and did not close the fence when they had passed through with their horse and carriage, nor as was required of said George Moore. That the defendants acted unreasonably and wrongfully in so opening and taking down said length of fence, and removing the rails thereof, and leaving said fence open and down, and said rails on the ground as aforesaid, and not closing the fence, nor keeping said fence closed when they had passed through the lane as aforesaid.

He also found as a conclusion of law, viz.: "That by reason of the premises as aforesaid, the plaintiff has sustained damages of twelve cents. And I find and decide as conclusion of law, the plaintiff is entitled to recover of the defendants the sum of twelve cents, and I order and direct judgment herein be entered accordingly."

By an inspection of the defendants' answer, it is clear that the defendants attempted to, and actually did set up a justification of the breaking and tearing down, and destroying of the fence referred to in the plaintiff's complaint. They plead a right under the grant of an easement to do the very things mentioned by the plaintiff in his complaint. They failed to sustain their justification, as the referee *found that the defendants acted unreasonably and wrongfully* in so opening and taking down the said length of fence, and removing the *rails thereof, and leaving the said fence open and down,* and said *rails on the ground as aforesaid,* and not closing the fence nor keeping said fence closed when the defendant had passed through the lane as aforesaid:

By section 3235 of the Code of Civil Procedure it is provided, viz.: "The party in whose favor final judgment is rendered in the new action, is entitled to costs; except that where final judgment is rendered therein in favor of the defendant upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial.

The section is substantially the same as section 61 in the Code of Procedure, and that section was construed in *Burhans* v. *Tibbits* (7 How. Pr., 74). This case is wholly unlike *Shull* v. *Green* (reported in 49 of Barb., 311). In that case there were several trespasses upon certain lands of the plaintiff, and the defendant interposed a plea of title as to a portion of the lands only, and it was held in such a case that the justice might proceed and try the tres-

passes on that part of the land to which no title was pleaded. In that case after the action was wholly discontinued a fresh action was *commenced in this court*, and recovery of less than fifty dollars for trespasses upon the lands, upon that portion of the lands as to which there was no plea of title, and it was properly held that the defendant instead of the plaintiff was entitled to costs.

The case of *Learn* v. *Currier* (15 Hun, 185 ; S. C. affirmed, 76 N. Y., 625), is somewhat like the one now before us, although that was an action brought in the Supreme Court and governed by section 304 of the old Code. There it was held the plaintiff could not recover costs because he had not recovered upon a cause of action upon which a claim of title to real property came in question. This case bears some resemblance to *Hall* v. *Hodskins* (30 How., 15), in which case the plaintiff was allowed to recover costs. (See, also, *Kelly* v. *The New York and Manhattan Beach Railroad Co.*, 19 Hun, 363.) In *Learn* v. *Carriers* (15 Hun, 188), it was said " the acts for which the plaintiff recovered were not acts of entry." \* \*. \* And page 187 : " If the plaintiff had set out in his complaint the real cause of action for which he recovered, to wit, that the defendant in repairing the highway as an overseer, wrongfully diverted the water from the channel in which it was accustomed to flow upon the plaintiff's lands adjoining the highway, a mere denial would have been the only defense needed ; no question of title would have arisen (*Rathbone* v. *McConnel*, 21 N. Y., 466), and the defendant would be entitled to costs in case the plaintiff recovered less that fifty dollars."

Applying the same criticism here, it may be said the plaintiff might have framed the complaint so as to present the question narrowly in issue between the parties, viz., " whether the defendants had reasonably used the right of way or not." Following the doctrine of *Learn* v. *Carrier* (*supra*), we hold that the defendants, and not the plaintiffs, are entitled to costs. (See, also, *Morss* v. *Salsbury*, 35 How., 90 ; S. C. affirmed, 48 N. Y., 636).

The order should be reversed, with ten dollars costs and disbursements, and motion for retaxation granted.

Present — SMITH, P. J., and HARDIN, J. ; BARKER, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion for retaxation granted.