## ATCHISON, T. & S. F. RY. CO. *et al.* v. STATE.

No. 2040. Opinion Filed January 10, 1911.

CORPORATION COMMISSION—Orders—Evidence to Sustain. When the Corporation Commission does not file with the record of the case a written statement of the reasons upon which an order appealed from is based, as required by section 22, art 9, of the Constitution, and such order is entirely unsupported by any evidence, it must be set aside.

(Syllabus by the Court.)

*Appeal from the Corporation Commission.*

From final order No. 355, upon proposed order No. 70, of the Corporation Commission, the Atchison, Topeka and Santa Fe Railway Company appeals. Reversed.

*C. O. Blake, J. R. Cottingham, S. T. Bledsoe, C. L. Jackson, L. P. Miles, R. A. Kleinschmidt, C. E. Warner,* and *Edgar A. De Meules,* for appellants.

*Charles West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for appellee.

KANE, J. This is an appeal from an order of the Corporation Commission in relation to handling passengers by the rail-

ways operating within the state. The order was entered after hear-ing, on notice by publication of the intention of the Corporation Commission to do so having been given as required by law. On the day stated in the notice the A., T. & S. F. Ry. Co., the G., C. & S. F. Ry. Co., the C., R. I. & P. Ry. Co., the M., K. & T. Ry. Co., the St. L. & S. F. R. R. Co., the St. L., I. M. & S. Ry. Co., the Ft. S. & W. Ry. Co., the St. L., E. & W. Ry. Co., and the M. V. R. R. Co., appeared and objected to the issuance of the order, upon the ground that it would impose an unreasonable and unnecessary burden upon them and will not serve any useful pur-pose as a convenience for the traveling public. The railway com-panies also contended that the burden rested upon the commission to show the reasonableness of the order, which contention was overruled, whereupon they examined as a witness W. T. Tyler, gen-eral superintendent of the St. L. & S. F. R. R. Co., who had held that position for nearly four years and had between 26 and 27 years experience in railroad service as messenger, telegraph opera-tor, train dispatcher, brakeman, conductor, yardmaster, train-master, superintendent, and general superintendent. His testi-mony was to the effect that the order would result in a great deal of confusion in the handling of passengers; that the practice of opening one door at one end of each car was adopted after it had been shown by experience that it would better protect passengers in getting on and off trains; that it enables those in charge of trains —brakemen or porters or conductors—to know whether passen-gers are getting on and off the right trains; that if both ends open and passengers are allowed to get in anywhere, there would be a great deal of confusion in the car and more on the platform; that a considerable percentage of passengers traveling, especially lo-cally, are not accustomed to traveling a great deal and frequently take the wrong train, and sometimes they do so in spite of the efforts of the railway people to prevent it. If both ends are open, greater opportunity is offered for thieves stealing baggage, etc. A certain number of passengers can be put off and on by opening one end of the coach in just as short a time as by opening both ends,

same being accomplished by reason of there being less confusion: passengers form in line and follow each other; after all are out, others file in. Often at depots there are people to meet their friends who are infirm, or children traveling alone. It is an advantage to them to be required to alight at one place, so that their friends may meet them more conveniently; that a large portion of the passengers are infirm and need assistance to get off and on. Impossible to tell when all passengers have gotten off; opening and closing exits would take some time; would have to begin some distance from station, and passengers attempting to walk from car to car, crowding on platform preparatory to getting off, likely to fall off. Find it necessary to keep vestibules closed until trains about to stop, and when open, to keep guards at doors to prevent people from falling out. That passengers are usually loaded before baggage can be handled, and delays occasioned by handling baggage insures sufficient time for passengers to be safely loaded and unloaded. Practical results of rule in force have inured to better protection, comfort, and convenience of passengers. Mr. W. K Etter, divison superintendent of the A., T. & S. F. Ry. Co., and Mr. H. M. Hallock, division superintendent of the C., R. I. & P. Ry. Co., each long experienced railroad men, corroborated Mr. Tyler. There was no evidence introduced or offered upon behalf of the commission. Upon the close of said hearing the Corporation Commission took said proposed order number 70 under advisement, and thereafter, after having duly considered the evidence adduced and the objections to said proposed order, they issued, as a result of said hearing, final order No. 355, which is in substance as follows: All railways and railroads operating and doing business in the state of Oklahoma shall open, for the use of passengers desiring to get on or off passenger trains in this state, exits on all coaches on side next to depot in towns of more than 3,000 inhabitants; and said companies shall open, for the accommodation of passengers desiring to get on or off trains in the state of Oklahoma, at least one exit on each coach on side next to depot at towns of less than 3,000.

To reverse this order, this proceeding in error was commenced.

The record before us contains a copy of the notice of the proposed order, the evidence adduced in support of the objections thereto, motion for a new trial, the order overruling the same, order allowing time to make and serve a case, application for supersedeas, order allowing supersedeas, and a copy of the order appealed from. The certificate to the case-made states that it contains all the evidence introduced in and about the hearing of the proposed order No. 70 before the Corporation Commission of the state of Oklahoma. Section 22 of article 9 of the Constitution provides, in part, that:

"The commission shall, whenever an appeal is taken therefrom, file with the record of the case, and as a part thereof a written statement of the reasons upon which the action appealed from was based and such statement shall be read and considered by the Supreme Court, upon disposing of the appeal."

This provision has not been complied with by the commission. In a case like this, where the evidence tends to establish the unreasonableness of the order entered by the commission, this provision ought to be strictly followed. The commission, no doubt, had reasons which to them seemed sufficient to support their action, and if they were before this court they might also appear sufficient to it; but, without the aid of these reasons and the written statement required by the Constitution, we have no substantial basis to approve the order appealed from. Courts are not permitted to disregard the uncontradicted evidence of competent, unimpeached witnesses. If an order requires evidence to support it and all the evidence introduced is to the effect that the order is unreasonable and ought not to be made, it seems axiomatic to say it would be error to enter it. The Attorney General contends that the courts ought to take judicial notice of the fact that this order requires reasonable facilities or conveniences, and that this notice is superior to and displaces evidence, in as much as it stands proved. We cannot agree with the Attorney General. We think the rule applicable to the case at bar is correctly stated in *C., R. I. & P. Ry. Co. v. State,* 24 Okla. 370, 103 Pac. 617, as follows:

"The *prima facie* presumption of correctness (section 22, art.

9, Const.) applies to the facts found, and when there is no finding by the commission on a necessary point, and the evidence in the record is indefinite and unsatisfactory, on review here such order will not be sustained."

The uncontradicted evidence of men who have practically spent a lifetime in the particular character of service involved herein is to the effect that the method of handling passengers now in vogue by the various railroads of the state is the result of experience; that this experience teaches that it is much better and safer and more convenient for the traveling public than that promulgated by the commission. No one has said to the contrary, not even a single witness appearing in support of the proposed order. It must be held to be unreasonable. The order of the Corporation Commission is reversed.

DUNN, C. J., and TURNER and WILLIAMS, JJ., concur; HAYES, J., not participating.