## KNEBEL v. RENNIE et ux.

No. 12305—Opinion Filed July 11, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

1. **Appeal and Error—Jurisdiction of Supreme Court to Review Order Sustaining Demurrer—Statutory Construction.**

Under section 5236, Revised Laws 1910, the Supreme Court is vested with jurisdiction to review an order of the district court sustaining a demurrer to the plaintiff's petition which involves some part of the merits of the action.

2. **Appearance — What Constitutes—Effect.**

Where a defendant appears in a case by filing a pleading and invokes the jurisdiction of the court to grant him beneficial relief, and submits to the court for decision nonjurisdictional questions, such action recognizes the general jurisdiction of the court and operates as a waiver of all irregularities that may have occurred in obtaining jurisdiction of such defendant.

3. **Contracts—Ambiguity — Construction by Parties.**

Where the meaning of the terms used in a written contract is not clear, but such terms have been construed and acted upon by the parties interested, such construction will be adopted, even though the language of the contract may be susceptible of another construction.

4. **Contracts—Construction—Presumption of Legality.**

Where a contract is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. This is on the theory that parties to the contract are presumed to have contracted within the law.

5. **Mortgages—Foreclosure—Legality — Sufficiency of Petition.**

Record examined, and held, that the trial court committed reversible error in sustaining the demurrer of the defendants to the plaintiff's petition and decreeing the mortgage contract to be void.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by H. F. Knebel against Albert M. Rennie and Edith Rennie to foreclose a real estate mortgage. Defendants filed demur-

rer to plaintiff's petition, which demurrer in part is sustained. Plaintiff appeals.

Order of the court sustaining demurrer reversed, and cause remanded, with directions.

Burford, Miley, Hoffman &· Burford, H. W. Harris, and H. G. Butts, for plaintiff in error.

Albert Rennie and S. A. Horton, for defendats in error.

KENNAMER, J. H. F. Knebel, as plaintiff, commenced this action in the district court of Garvin county on the 17th day of January, 1920, against Albert M. Rennie and Edith Rennie, as defendants, to recover the sum of $4,797, with interest and attorneys' fees, and to foreclose a mortgage lien upon certain lands located in Garvin county, Okla. The petition of the plaintiff was in the usual form of a petition filed in foreclosure actions, and a copy of the mortgage was attached as an exhibit.

The defendants filed a demurrer to the petition upon four grounds. The second and third grounds of the demurrer raised the question of the invalidity of the mortgage as attached to the plaintiff's petition and the jurisdiction of the court to foreclose said mortgage. The trial court sustained the demurrer upon the second and third grounds and held that the mortgage was void, and overruled the demurrer as to the first and fourth grounds. From the order of the court sustaining the demurrer holding the mortgage of the plaintiff void, the plaintiff has prosecuted this appeal and assigned as error the action of the court in sustaining the demurrer. The parties appear here as they appeared in the trial court and will be referred to as plaintiff and defendants.

A motion has been filed by the defendants to dismiss the appeal. The grounds of the motion to dismiss are: First, the court has no jurisdiction. because it affirmatively appears from the record that the case-made does not contain the entire record necessary to present the error complained of. Second, the order appealed from is not a final order. Third, because service of summons was made by publication and notice was not dated and under the seal of the court.

As to the first grounds of the motion it is quite obvious that the case-made contains all of the necessary record in order for this court to determine the questions of law presented for review. Section 5241, Revised Laws 1910, specifically authorizes an appealing party desiring to have an order

of the district court reviewed to make a case-made containing so much of the proceedings of the trial court as may be necessary to present the error complained of to the Supreme Court. This appeal being presented for the purpose of having reviewed an order sustaining a demurrer to the petition filed by the plaintiff, we are unable to conceive of any record other than the petition, the demurrer, and the order of the court that would in any way be useful to the court in determining the correctness of the court's ruling. Where the sufficiency of summons by publication notice is involved and copy of such summons, or notice, together with the ruling of the court, is in the record, it is sufficient to determine the validity of such summons or notice.

The second ground of the motion to dismiss the appeal and urged in the supplemental motion to dismiss is that the order appealed from is not a final order. Under section 5236, Revised Laws 1910, an appeal may be taken without regard to the finality of the order. This section of the statute reads:

"The Supreme Court may reverse, vacate or modify judgments of the county, superior or district court, for errors appearing on the record, and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior or district court, or a judge thereof:

"First. A final order.

"Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants. refuses, vacates or modifies an injunction; that grants or refuses a new trial; or confirms· or refuses to confirm the report of a referee; or sustains or overrules a demurrer.

"Third. An order that involves the merits of an action, or some part thereof."

It will be observed under the language of the statute, supra, that an appeal may be prosecuted to vacate or modify any intermediate order involving the merits of the action, or any order that sustains or overrules a demurrer. or any order that involves the merits of the action or some part thereof. The order of the court in the instant case sustained a demurrer to that portion of the petition of the plaintiff wherein he sought to foreclose his mortgage lien and decree the mortgage to be void. It is too clear that such an order involved a part of the merits of the action to necessitate the citation of any authority other than the

statute; therefore, the second ground of the motion to dismiss the appeal is untenable.

The case of Wells v. Shriver, 81 Okla. 108, 197 Pac. 460, does not support the contention of the defendants. In the case, supra, Shriver, the plaintiff, instituted the action against Wells and Bumbaugh, defendants, to recover an undivided one-third interest in certain oil and gas leases and for an accounting as to the profits derived from the leased premises. At the conclusion of the evidence in the trial of the cause, the trial court entered what it designated an interlocutory judgment, in which the court decreed that each of the parties to the action owned a one-third interest in the leases and the profits thereof accrued, subject, however, to the right of Wells, one of the defendants, to hold title to the leases until he should have been paid certain expenditures in full, and ordered that an accounting be had before a referee. Thereafter, upon the report of the referee, the court entered a final judgment in the action fully adjudicating the rights of the parties in the action. It was the contention of the defendant in error that, more than six months having elapsed before the filing of the appeal in the Supreme Court from the date of entering the first order in the cause, all the questions adjudicated in the first order were res adjudicata and not subject to review. This court held, under the facts as disclosed by the record in the case, that the first order was not a final judgment; that it did not finally determine the rights of the parties, and that the first order disclosed on its face that the trial court would be unable to finally determine the respective rights of the parties to the action until an accounting had been taken, and that the decree entered after the report of the referee was the final judgment of the court adjudicating the rights of the parties. It is plain from the facts, as disclosed by the record in the case, that the first order of the court was only a preliminary statement of the court as to what the final judgment would be with respect to certain issues involved in the case after an accounting had been had before a referee. Mr. Justice Miller, in the opinion, said:

"In cases of doubt, the intent of the court as shown by the orders made should not be disregarded in considering this question. The order made on the 26th day of May, 1914, was not a judgment; therefore it was not necessary to file a motion for a new trial, or appeal therefrom."

It is quite clear that the case does not support the contention of the defendants in the instant case. In the instant case, if Knebel, the plaintiff, had no lien upon the lands under his mortgage, he has lost his security for the money loaned to the defendants. The order of the court sought to be reviewed here deprives the plaintiff of all his security for the payment of his debt, and the foreclosure of the mortgage lien was, at least, a substantial part of the relief for which the plaintiff invoked the jurisdiction of the court.

In the case of Wesley et al. v. Diamond et al., 26 Okla. 170, 109 Pac. 524, this court held:

"Under section 6067, Comp. Laws Okla. 1909, an order that involves the merits of an action or some part thereof may be reversed, vacated, or modified by the Supreme Court before final judgment is rendered in the cause in the trial court."

Other cases supporting this rule are: W. H. Ashley Silk Co. v. Oklahoma Fire Insurance Co., 33 Okla. 348, 125 Pac. 449; Starbuck v. Dunkles, 10 Minn. 168, 88 Am. Dec. 68; Kingsley v. Gilman et al., 12 Minn. 575; Am. Surety Co. v. Ashmore et al., 74 Kan. 325, 86 Pac. 453; Backus v. Clark, 1 Kan. 303; St. John v. West, 4 How. Pr. 331; Tallman v. Hinman, 10 How. Pr. 90; Burkhans v. Tibbetts, 7 How. Pr. 78; Whitney v. Waterman, 4 How. Pr. 313; Seiffert, etc., Lumber Co. v. Hartwell, 91 Iowa, 576.

The third ground of the motion to dismiss the appeal challenges the jurisdiction of the trial court to determine the action, for the reason that the publication notice was insufficient to confer jurisdiction upon the court. The specific objections to the publication notice are that it was not dated nor made under the seal of the court. We deem it sufficient to say that, upon an examination of the demurrer filed by the defendants, we are clearly of the opinion that the defendants, by filing the demurrer, entered their appearance in the action. It is true the demurrer challenged the jurisdiction of the court, but in addition to challenging the jurisdiction of the court, the defendants, by the demurrer, invoked the jurisdiction of the court to determine and adjudicate the validity of the mortgage sought to be foreclosed, and thereby asked relief beneficial to them which required an exercise of jurisdiction on the part of the court in the action, and the defendants, by invoking the jurisdiction of the court to grant them beneficial relief, entered their appearance for all purposes. Chicago, R. I.

& P. Ry Co. et al. v. Austin, 63 Okla. 169, 163 Pac. 517; Walton et al. v. Kennamer et al., 39 Okla. 629, 136 Pac. 584. The motion to dismiss the appeal cannot be sustained.

The only question for decision upon the merits. in this cause is whether or not the mortgage sought to be foreclosed by the plaintiff is void under section 4 of chapter 246, Sess. Laws 1913, as amended by chapter 105, Sess. Laws 1915; which reads as follows:

"The tax herein provided for shall be paid by the mortgagee, and any mortgagee, agent, representative or person, who shall through any scheme, arrangement, inducement or device by an increase of the rate of interest, commission, brokerage or otherwise charge to or exact from the mortgagor the payment of such tax, shall be deemed guilty of a misdemeanor and upon conviction be punished accordingly."

Section 8 of the act of chapter 246, Sess. Laws 1913, in substance provides that no mortgage on real property shall be recorded by any register of deeds unless there shall be paid the tax imposed by and as in this article provided. Under the act a mortgage was not admissible in evidence. nor could it be foreclosed, unless the registration tax had been paid. The purpose of the amendment of section 4, supra, as provided for in chapter 105, Sess. Laws 1915, was to require the mortgagee to pay the registration tax and to make it an offense punishable as a misdemeanor for the mortgagee to charge to, or exact from, the mortgagor the payment of the registration tax.

It is contended by the defendants that under the following clause in the mortgage attached as an exhibit to the plaintiff's petition the registration tax was to be paid by the mortgagor, and that by the insertion of the clause in the mortgage the mortgagor had contracted to pay the tax, and that the contract, being unlawful and in violation of the statute, is void. The clause reads:

"That said second party may pay any taxes or assessments levied against said premises, or any other sum necessary to protect the rights of such party or assigns, including insurance upon buildings, and recover the same from the first party with ten per cent interest, and that every such payment is secured hereby, and that in case of a foreclosure hereof, and as often as any foreclosure hereof may be filed, the holder hereof may recover from the first party an attorneys fee of $100.00 which shall be due upon the filing of the petition in foreclosure, and which is secured hereby, and which the first party promises and agrees to pay, together with all cost. The first party further agrees to pay any tax that may be assessed against this mortgage under the laws of Oklahoma and county aforesaid. Any expense of litigation or otherwise, including attorney's fees and an abstract of title of said premises, incurred by reason of this mortgage, or to protect its lien, shall be repaid by the mortgagors to the mortgagee or assigns, with interest thereon at ten per cent. per annum, and this mortgage shall stand as security therefor."

The petition filed by the plaintiff in the second paragraph alleged that the mortgagee paid the mortgage tax, as provided for in the statute, at the time of filing the same for record and that said mortgage tax had not been charged to, or exacted from, the mortgagor. It is contended by the defendants that the clause, "the first party further agrees to pay any tax that may be assessed against this mortgage under the laws of Oklahoma and county aforesaid," obligates the mortgagors to pay the registration tax in violation of the statute. We are unable to concur in the contention of the defendants. It is very doubtful whether the language contained in the clause of the mortgage under consideration could be construed to include the registration tax as provided for in the statute, for the reason this tax is in the nature of a registration fee, and by the payment of this registration fee, or tax, the mortgage is thereby, together with the indebtedness, exempt from taxation. It is, therefore, obvious that the construction of the clause of the mortgage contended for by the defendants is, at least, a doubtful construction. Under the allegations of the petition the parties to this mortgage contract have not placed the construction upon the contract as contended for by the defendants, but on the other hand, the parties to this contract, by their conduct and actions, under the allegations of the petition, have construed the mortgage contract so as to place the obligation of paying the registration tax, as required by the statute, upon the mortgagee. The mortgagee alleges that he paid it. The demurrer to the petition admits that he paid it, and that he did not charge it to, or exact it of, the mortgagor. It is a rule of law in the construction of contracts supported almost unanimously by the authorities that where the terms of a contract are doubtful, but such terms have been construed and acted on by the parties interested, such construction will be adopted. This is true although the language used in the contract

may more strongly support another construction. Pittsburg Vitrified Pav. & Brick Co. v. Bailey, 76 Kan. 42, 90 Pac. 803, 12 L. R. A. (N. S.) 145; Minnetonka Oil Co. v. Cleveland Vitrified, etc., Co., 27 Okla. 180, 111 Pac. 326; Strange et al. v. Hicks et al., 78 Okla. 1, 188 Pac. 347; Prowant v. Sealy, 77 Okla. 244, 187 Pac. 235; Malloy v. Interstate Irr. Co., 62 Wash. 487, 114 Pac. 167; Harlow v. Oregonian Publishing Co. (Ore.) 100 Pac. 7.

The tax referred to in the clause in the mortgage under consideration, to wit: "Pay any tax that may be assessed against this mortgage," if used in its ordinary accepted meaning, clearly referred to such a tax as is usually assessed in the ordinary manner as provided by the general laws of the state by the tax assessor, and the phrase has no reference to the registration tax as provided for in chapter 246, Session Laws 1913. It is true that this registration tax exempted the mortgage from all other tax, but parties cannot ordinarily anticipate just what taxes may be imposed upon property by the taxing power in the State, which is the Legislature. It appears from the language used, " to pay any tax that may be assessed against this mortgage," contemplated some future tax, and was an attempt to provide for such a contingency. It undoubtedly would require a strained construction of the clause to hold that it imposed the obligation upon the mortgagors of paying a registration tax in order to have the mortgage recorded by the mortgagee.

Another rule of law applicable in the case is that, in construing a contract, if it appears that the contract is susceptible of two constructions, one lawful and the other unlawful, the former will be adopted. The reason for the rule is that parties to a contract are presumed to have contracted within the law. Foreman v. Needles, 78 Okla. 105, 188 Pac. 1087; Martin et al. v. Oklahoma State Bank, 86 Okla. 113, 206 Pac. 824.

The respective parties have extensively briefed the proposition as to whether or not the mortgage would be invalid if by its terms it violated the statute making it a misdemeanor for the mortgagee to exact the payment of the registration tax of the mortgagors. We are clearly of the opinion that, if the mortgage by its terms violated the statute, the contract would be within the general rule of illegal contracts and unenforceable. It is obvious that a contract violative of a criminal statute is, upon the ground of public policy, void. But, as

we view the record in the instant case the mortgage is not susceptible of the construction placed upon it by the trial court, and the order of the court sustaining the demurrer and decreeing the mortgage to be void is reversed, and the cause is remanded to the district court to overrule the demurrer of the defendants.

JOHNSON, McNEILL, MILLER, ELTING, and NICHOLSON, JJ., concur.