Helen G. RUSSELL and Fannie G.
Reninheimer, Petitioners,

v.

Hon. Gary P. McGINN, District Judge of
Beckham County and Hon. Sam Williams,
District Judge Sixth Judicial District,
Grady County, Respondents.

No. 46184.

Supreme Court of Oklahoma.

April 17, 1973.

Rehearing Denied Oct. 9, 1973.

Allen & Allen, Chickasha, for petitioners.

Miller, Wilson, Adams & Spencer, by Melvin Spencer, Oklahoma City, for respondents.

HODGES, Justice.

This is an application for Writs of Prohibition against the respondents, Judges of the District Courts of Grady and Beckham Counties to prevent them from proceeding further in certain actions now pending in those courts.

An action was filed in the District Court of Grady County for cancellation of a deed, to quiet title to property located in Grady County, and to determine the heirs of Eva Gettys Smith, deceased. Subsequently, an ancillary probate proceeding based upon a Texas probate was filed in Beckham County to probate the Last Will and Testament of Eva Gettys Smith, deceased.

■ The question of whether Oklahoma is bound to give full faith and credit to the judgment of its sister state is one for determination by the trial court at the time the Texas will is submitted for probate. Therefore, we will not consider it at this time.

Eva Gettys Smith and her two sisters, Helen G. Russell and Fannie G. Reinheimer, inherited a ⅓ interest in an 800 acre ranch in Grady County. On September 30, 1968, Mrs. Smith and her sisters joined in the sale of the surface of the Grady County real property. On the same date, Eva Gettys Smith signed a deed conveying her part of the minerals, which had been reserved, to the Baptist Foundation of Texas to be administered under a pre-existing trust. The deed was recorded by the Baptist Foundation of Texas January 13, 1969.

Eva Gettys Smith died on March 5, 1969, in a Baptist Nursing Home in San Angelo, Texas. Her only heirs at law were her two sisters, Helen G. Russell and Fannie G. Reinheimer (Sisters), who are residents of the State of Oklahoma.

The sisters filed suit in the District Court of Grady County, Oklahoma, on December 15, 1970, to cancel the mineral deed, quiet title, and determine the heirs of Eva Gettys Smith. They had allegedly been advised by representatives of the Baptist Foundation of Texas (Baptist Foundation) and by Owen C. Taylor, the subsequent executor (executor), who stated that he was the guardian of the deceased, that there was no will. A general Appearance was entered by the Baptist Foundation on January 20, 1971 and by the executor April 16, 1971. A Motion for Summa-

ry Judgment in the proceedings in the District Court of Grady County, was filed by Baptist Foundation and the executor, on April 16, 1971. In support thereof, they filed an authenticated copy of an Order for the County Court of Tom Green County, Texas. This was the first notice the petitioners had received that any Will existed or that probate proceedings had occurred.

No notice by publication or personal service upon petitioners was obtained by the Texas probate proceedings.

The motion for summary judgment was overruled. Subsequently, on March 17, 1972, a petition for ancillary probate of foreign will was filed in the District Court of Beckham County, Oklahoma.

The Beckham County District Court ruled that their court had jurisdiction to admit the will to probate although the quiet title action was pending in Grady County.

The sisters allege that venue properly lies in Grady County pursuant to 58 O.S. 1971 § 6, because the suit was pending in Grady County at the time the Beckham County action was filed.

The Baptist Foundation and executor contend that the District Court of Grady County has no jurisdiction to determine the devisees under the Last Will and Testament of Eva Gettys Smith. They further allege the District Court of Grady County should be prohibited from exercising jurisdiction in the action until the probate matter in Beckham County has been determined, and then, only if the will should finally be denied admission to probate.

With the advent of court reform, the district courts became vested with powers of general jurisdiction over all actions and special proceedings. The new judicial article, Okl.Const. Art. 7 § 7 (1969), abolished all of the existing trial courts with certain special exceptions. The district courts were given the jurisdiction which was formerly divided among the abolished courts. The article states that the district court "shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article." Thus, the district courts have jurisdiction of civil actions, regardless of size, probate proceedings, of all other justiciable matters. See Fraser, Oklahoma's New Judicial System, OR 21:373 (1968). District Courts of the State of Oklahoma are the successors to the jurisdiction of all other courts. 20 O. S.1971 § 91.1.

■ It is also provided by 58 O.S.1971 § 51 that a will duly proved and allowed in any of the states may be allowed and recorded in the county court of any county in which the testator shall have left any estate, or any estate for which claim is made. Under this statute, both the district court of Grady and Beckham counties had jurisdiction. Deceased owned property in Beckham County and claim for property was made in Grady County.

■ A general appearance in an action without properly objecting to the jurisdiction of the court, waives lack of jurisdiction. Turner v. Big Four Petroleum Co., 274 P.2d 524 (Okl.1954). Jurisdiction of the court once acquired is not lost or divested by subsequent events. State v. Lohah, 434 P.2d 928 (Okl.1967).

■■ If a defendant appears in a case by filing a pleading; and invokes the jurisdiction of the court to grant him beneficial relief; and submits to the court for decision a nonjurisdictional question, such action recognizes the general jurisdiction of the court. Knebel v. Rennie, 87 Okl. 136, 209 P. 414 (1922). A claim for relief upon which a defendant might maintain an action independent of plaintiff's claim and upon which defendant might proceed to recovery even should plaintiff's cause of action fail, is a demand for affirmative relief which invokes the jurisdiction of the court for all purposes. Gray v. Gray, 459 P.2d

181, 185 (Okl.1969). See also Shufeldt v. Jefcoat, 50 Okl. 790, 151 P. 595 (1915).

After the motion for summary judgment was filed April 16, 1971, respondents, on January 11, 1972, filed an answer praying judgment in their favor and for other equitable relief. Respondents were invited to file ancillary probate proceedings in the District Court of Grady County, but refused to do so. Instead, ancillary probate proceedings were filed in the District court of Beckham County on March 17, 1972.

■ The Baptist Foundation and executor submitted themselves to and invoked the jurisdiction of the District Court of Grady County for all purposes when they filed their dual motion for summary judgment on April 16, 1971, requesting affirmative relief. The District Court of Grady County has unlimited original jurisdiction.

■ This court will not prohibit the court which first acquires and exercises its jurisdiction in the absence of substantial reasons. Southeastern, Inc. v. Doty, 481 P.2d 144 (Okl.1971).

■ Under the facts presented, there is no substantial reason why this case should not be disposed of in its entirety in Grady County. The District Court of Grady County first acquired and has jurisdiction to settle all issues.

We assume original jurisdiction. The writ of prohibition against Hon. Gary P. McGinn, District Judge of Beckham County, is granted, and he is prohibited from undertaking further proceedings in the ancillary probate matter now pending in his court. Under our general superintending powers, granted the Supreme Court by the Oklahoma Constitution, Art. 7 § 4, we direct the court clerk of Beckham County to certify and transfer all pleadings to the district court of Grady County.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, BARNES, SIMMS, and DOOLIN, JJ., concur.